I'll see if I can't do better with that one than I did with the French pronunciation the last time around. 19-1072. And, counsel, we're ready to hear you. Mr. Pankow? May it please the Court, Your Honors. Michael Ponko for the appellant, and I would like to reserve three minutes for rebuttal, if permissible. Time is yours. Make sure you keep an eye. Thank you. This appeal calls upon the Court to interpret provisions regarding trustee compensation in bankruptcy cases. Let's start with a backdrop. It bears emphasizing, Your Honors, how extraordinarily successful the trustees' efforts were in the underlying Chapter 7 case. It is truly rare that creditors are paid in full in a Chapter 7 liquidation case. Still more rare. Thank goodness for the rising Denver real estate market, eh? Partly. Partly, Your Honor. And partly from very hard work on the point of the trustee and very aggressive, creative deal-making and marketing of these properties. There is a rising tide, but that wasn't it, and the bankruptcy judge credited both. It is, you know, and it is still more rare to get a result like this out of a failed Chapter 11 reorganization case, with the time lost, with the additional layer of expenses incurred on those assets before this trustee ever stepped in. The size of the surplus distribution here is also extraordinary. It will be well into the six figures. On top of the fresh start and exemptions that an honest debtor always gets. It is a fact of life, Your Honors, that Chapter 7 trustees must deal with losers along with their winners. This case was a winner. Against this extraordinary success, the trustee was awarded compensation penciling out to $59.09 an hour before paying his staff. Very quickly, it was concerning, so you could address it. That is, Morial had initially opposed Connolly's appointment, correct? And his, I think he had sought a substitute manager. Then, as I understood it, Connolly indicated, quote, that he has not and will not be seeking a commission on the sale of the properties in this Chapter 11 case, end quote. Now does that cut in your favor or against you? It doesn't cut either way, Your Honor. Is that because it's a sale commission or what? Several reasons, Your Honor. First is, yes, he wasn't seeking a commission on sale of the property. And that's not what 326 provides. 326 provides for a compensation set on a sliding scale based on monies disbursed to creditors. Those are two different things. Aren't they one and the same? No. Not necessarily, Your Honor. And the idea here was nowhere, there's no statement in any record anywhere that Mr. Connolly agreed to provide over 1,000 hours free. That's not in the record. That certainly wasn't relied on by anybody. The court was not troubled by the state of the record. The debtor himself at the bankruptcy court level conceded that it was not a basis to deny compensation in this case. So Your Honor, going back to the $59.09. Was Connolly appointed a professional? No, he was not, Your Honor. Why not? Because trustees hire professionals, they are not professionals. I think, you know, there's some reference. Excuse me? Is there any case or law that would have precluded his appointment as a professional? Well, yes. I think the definition of what is a professional person itself cuts against the argument. He was performing the role of a business principal or a trustee or, you know, something to that effect. Buying and selling properties, he was not acting as a lawyer. He was not acting as a learned appraiser or anything like that, you know, as you would see, as Your Honors would see as a professional. Instead, the statute contemplates that a trustee hires professionals. I would comment- Did he ever seek to be hired as a professional? No, he did not. No. And there's one other, as we jump to that, you know, potential workaround to the issue that we have is that itself is problematic because that could be used then to circumvent Section 326 itself. If you take compensation outside the 326 realm to a trustee and you have it with a different hat, then you're outside- we're outside the statutory 326 limits altogether. That creates a bigger problem than anyone would be solving by suggesting a professional person, you know, that retention as a professional person would have worked here. If we were to affirm on the bases that are given below, where would that leave a Chapter 7 trustee? You say $59 an hour and so forth. Is that just the way it is from henceforth or could the Chapter 7 trustee do something to protect against that? I don't believe that there's anything a Chapter- there's certainly nothing in this case the Chapter 7 trustee can do to protect against that. What about not opposing appointment of a Chapter 11 trustee? Your Honor, I would like to answer that broadly and then specifically because we're talking about a number of different workarounds. I would like to think of these workarounds and I would like to ask your honors to think of these workarounds as tools in the toolbox. Some might work in some situations, some might not work in some situations. Just because a hammer worked in one instance does not mean it will work to tighten a screw. And here, your honors, appointment of a separate Chapter 11 trustee would have, in our view, created a two-headed monster that would not have resulted in efficient or effective administration of these properties and would not have delivered to creditors the results that Mr. Connolly was able to deliver by doing so here. Ultimately, your honor, also, just like when there are tools in a toolbox, there is a hammer, there is something else. If the trustee picks up one and uses it and it's permissible, the idea that he should have used a different one really isn't fair to him. And here, the problem still comes back to, we have, and it will be a growing problem, this will be seen in more courts and courts of appeal as use of single-member LLCs and disregarded entities becomes more common. We will have this, the trustees in this district are keenly aware of the issues that are before the court today. And not all of these workarounds will work for every situation. Here, I think if we just come back to the statutory language, we're okay. But that's where I'm struggling. As I read your statutory language, you're kind of arguing about what the word in means. Correct. Correct? You basically want us, as I see it, to read in the words in regard to this case instead of in this case. I think, your honor, the word in itself can mean many different things depending on the context. One can be in this courtroom, in this courthouse, and in the city of Denver at the same time. One can, in a different sense, be in control or in compliance or in an effort. But in this case, at least within the statutory scheme, seems to be fairly straightforward and in other provisions in the code, I think the appellee cites that in this case means within the confines of that case. I think actually, your honor, the term the case is used several places. And I think the emphasis on the case is misplaced. We don't dispute that. The services, the disbursements need to be attributable to the Chapter 7 case. We're not arguing anything different. The question is in. It's not defined in the code. It's not used elsewhere in the code. So when we look to normal statutory principles and we look in this context, we even pull out Black's Law Dictionary, you know, referring to in as an elastic preposition, synonymous with in regard to, respecting. Common sense supports that here. And frankly, your honors, the bankruptcy appellate panel, while we disagree with the ruling, helped clarify the issue for us. Was the trustee acting as a volunteer here or not? And clearly, your honors- That there was some reservation on the part of the bankruptcy court about the issue and that your client had assured the court that you were not seeking a fee. Am I- I just had that vague understanding. Is that wrong? I believe that is incorrect, your honor. What in fact are the facts in that regard? How- Yeah, I'm not- Don't rely on my understanding. Of course- There was a question as to, you know, what the compensation would be. The trustee did state, actually it was the Council for Morreale Hotels, LLC, stated that the trustee would not seek compensation or commission on the sales of the property. There was- Is that somewhat, I've asked you that before, but it just struck me as somewhat misleading to say that and then turn around and claim, what was it, a very substantial amount. Well, your honor, I would say this- Which is equivalent to or greater than the commission itself. I would say this about this issue and frankly any other issue about the facts here, which is this is an interim compensation award. No matter what this court orders, there will be further proceedings in the bankruptcy court. No matter how this court interprets the statute that is before the court. So do we lack finality then? Is that what you're saying? No. What I'm saying, your honor, is if that bothered the bankruptcy court, he could have acted on that before he did not. He specifically asked the debtor and the debtor specifically said to the bankruptcy judge this was not a basis to deny compensation because of the nature of the statements and the fact that nobody, there was no reliance on them. The court did not feel misled. The United States trustee did not feel misled. Well, I'm misled. I mean, I just want to make sure I understand an answer you just gave me. Yes. Did you say that we can rule that your client is entitled to compensation or that we can rule that your client is not entitled to compensation in the Chapter 11 proceedings and that that's all not even advisory, that the court below can go ahead after we rule and compensate you or not compensate you, whichever the case may be? I'm sorry. I didn't mean to suggest that. I just meant that when this court interprets Section 326 for us, it will go back on remand with instructions to apply further proceedings to the standard this court sets. If the bankruptcy court were bothered by these statements, the bankruptcy court could have denied compensation on that basis. It was before the court did not. The bankruptcy judge may well have a second bite because this is an interim compensation award and there will be a final compensation approval after remand of this appeal. And if it bothers the bankruptcy judge then, he can do it again. But in point of fact, we believe there was no one who was misled. And the statement is- Except us and that you may just be asking us for an advisory opinion. Your Honor, I don't think we're asking for an advisory opinion. There is a live issue as to what Section 326 allows the bankruptcy judge to do in setting his compensation. Thank you. You have some reserved time. So we're going to let you do that. Thank you. Okay. Thank you. Mr. Jordan. May it please the court, my name is Jordan Factor and I represent Jesse Morreale. Mr. Connolly asks- Excuse me, Mr. Factor. Mr. Connolly asks this court to strike the phrase, in the case, by the trustee from Section 326. If Congress wanted trustees to be compensated based on all disbursements to parties in interest, it would have said so. It didn't. In order to be compensable, the monies must have been distributed in the case by the trustee. Here, the monies at issue were neither distributed by a trustee nor in the case. The monies at issue were distributed by Morreale Hotels LLC as a debtor in possession. They were not distributed by Tom Connolly as Chapter 7 trustee. That could end and dispose of this issue. Furthermore, they were not distributed in the case. In no way can it be said that these monies were distributed in the Chapter 7 case. These monies were not property of the Chapter 7 estate. They were not derived from the liquidation of property of the Chapter 7 estate. They didn't come out of an account in the name of the Chapter 7 estate. They were not dispersed pursuant to orders entered in the Chapter 7 case. I agree that the term in may have some flexibility, but there has to be a significant tie to the case itself, and that is not present here. Congress was not engaged in some esoteric philological exercise when it used the phrase in the case, it used it in plain meaning to mean within the bounds of a certain proceeding presided over by a particular judge with a particular case number with a particular trustee, none of that took place here. Well, Mr. Connolly wasn't a stranger to all of that, right? That's right. He had a role. He certainly did have a role. And that wouldn't have happened absent Mr. Connolly, would it? It would have. How? If Mr. Connolly had chosen to seek the appointment of a professional manager, that professional manager could have been compensated hourly or on a flat fee for substantially less than Mr. Connolly is seeking here. And that same professional manager could have chosen to sell these properties at the height of the recovering Denver real estate market. As we look to these words in the case, and we try to interpret what that means, and we look back and say, why do we have 326 in the shape that it's in, with the commissions and so forth? One reason was, we need to have trustees to run the bankruptcy system, right? We need to have trustees fulfill their obligations under 704A1. And if Mr. Connolly truly is making $59 an hour on a large number of expended hours, all to achieve a result everybody likes, how does that serve ever getting a trustee to do this again? Well, Congress has determined that trustees are not compensated by the hour. So yes, Mr. Connolly put in a number of hours, but that cannot be the basis of his compensation. Indeed, in passing BAPSIPA in 2005, Congress expressly removed trustee compensation from 303A3 and inserted 303A7. Congress said, don't look at anything other than the monies that were dispersed to parties in interest by the trustee in the case. And to your point about how that ties to the trustee's function, the trustee's core function is expressed in 704A1, which provides that the trustee is to, quote, reduce to money the property of the estate for which such trustee serves. Here, the Broadway property and the Colfax property were not property of the estate for which Mr. Connolly served. They were property of an entirely independent estate. So I think it makes sense to read the word monies in section 326 as tied to the word money in 704A1. The compensation base is the money that is derived from the liquidation of property of the estate, which is the core function of a chapter seven trustee. And here, he is seeking compensation based on money that was not derived from the liquidation of property of the estate. So if he were wanted to fulfill his core function under 704A1, which is to reduce to money the property of the estate for which he served, he could have chosen to sell the equity interests in Morreale Hotels LLC. Indeed, he did sell the equity interests in other single assets, single purpose LLCs that Mr. Morreale owned. Here, he chose not to do an equity sale. He chose to hold the properties and wait for an asset sale. That was his choice. But he didn't make that choice as chapter seven trustee fulfilling his 704 function. He made that choice as a self-appointed manager of Morreale Hotels LLC. When he became the chapter seven trustee, he succeeded to the ownership interest of the LLC. That gave him the right as the owner to appoint any manager to manage that LLC. He chose to appoint himself. Moreover, he did so in the face of a motion to appoint a chapter 11 trustee by Mr. Morreale. And Mr. Connelly opposed the appointment of a chapter 11 trustee on the basis that the compensation for the chapter 11 trustee would be excessive. In fact, it would have been the same amount that Mr. Connelly is seeking here. Had he appointed another manager, you say that would have been his choice, not to appoint himself to find someone else who he might have approved of. That manager would have been compensated, correct? Yes, your honor, but- For their time, obviously. Perhaps, or perhaps he would have been compensated on a salary or flat fee basis. But the compensation- There would have been some compensation. It certainly would. Which there wasn't here. That is right, because in order to be compensated for performing services within the context of the bankruptcy system, you need to have prior approval from the bankruptcy court to serve in a compensable role. And that simply did not take place. Yeah, I understand that argument. I was just trying to clarify that had he made the choice you're suggesting, he could have still had some control essentially over who he selected. Yes. But not put his own time and effort into it. That's exactly right. And he would have, right, as the owner of Morreale Hotels, LLC, he would effectively have served the function of a board of directors in a typical corporation, overseeing the manager who would serve the function of a CEO or a president. So he absolutely would have overseen that manager. If that manager were compensated by the hour, he would have had an opportunity to ensure that that manager was compensated. Was fulfilling his functions efficiently. He would have scrutinized that manager's bills to make sure that they were not wasted time. But even if that manager were compensated by the hour, and even if that manager put in the same number of hours that Mr. Connolly did, he would have had to have been compensated to the tune of over $300 an hour. In order to get the compensation that Mr. Connolly is seeking here. And that never would have been approved by a bankruptcy court. So, the basis for Mr. Connolly's assertion of his role as manager was that it would represent a cost savings. It does not represent a cost savings. Would Mr. Connolly have been entitled to any compensation for that supervisory role? Yes, Your Honor. So, the $300, does that include his money? No, Your Honor. Okay, so to the extent that they were each making $150, that doesn't sound quite as outrageous. I would agree. And so if Mr. Connolly wanted to appoint himself as manager and filed an application under 327, he would have had to ask for approval in advance of reasonable compensation by the hour. And if he had sought compensation at over $300 an hour, it would have been vigorously opposed and I think denied. And so this litigation would have happened up front. And his compensation would have had to be commensurate with the compensation that a similarly situated professional manager would have sought had he sought an independent manager. But he didn't. He sought to appoint himself, which represents a significant conflict of interest, which may have barred his hiring as a professional in the first place. Had he actually teed up this issue in advance, that he wanted to be compensated for performing this role, then the court could have scrutinized, number one, is he not conflicted? Is there a conflict between his charge to maximize the return in the Chapter 7 estate versus his interest in maximizing his compensation as manager? And we could have litigated that in advance and gotten clarity on how he's to be compensated. Instead, he hid the ball. And he suggested, if not outright stated, that he would not seek compensation from the sale of these properties, which is precisely what he's doing here. Well, just so that we're fair to him, I want to make sure that that's correct. And my understanding is that Mr. Connolly is asking for compensation from the Chapter 11 distributions that satisfied Chapter 7 creditor claims, which is a smaller amount than would be all of the Chapter 11 distributions. I think that's right. The sale proceeds amount to approximately $10 million. He's seeking compensation based on over $8 million. And Chapter 7 creditor's claims. So in this case, it's not as though what he's asking is completely divorced from Chapter 7, their Chapter 7 creditor claims. It's not completely divorced from the Chapter 7 creditor claims. It's completely divorced from the language of the statute. And other judges who have dealt with similar situations where a Chapter 7 trustee's efforts resolved claims in the Chapter 7 case have determined that those trustees are not creditors. This comes up in the context where Chapter 7 trustees turn over property of the estate to secured creditors. In that instance, the turnover of the secured property of the estate might resolve nearly all, if not all, of the claims of the case. If all the creditors are secured creditors, and all of them are permitted to realize upon their collateral in satisfaction of their claims, and the trustee facilitates that, the trustee has eliminated all creditor claims. But the law is clear. The trustee doesn't get compensated for that. Because he hasn't dispersed monies. He's only dispersed property. And this... Yes, Your Honor. Factor. If the BAP decision stands, if we let it stand, will that essentially dry up trustees in these types of proceedings because of the concerns that Judge Phillips raises? That is, that people wouldn't... We're going to be performing services and not be compensated? I don't believe so, Your Honor. I think instead, it would encourage trustees to fulfill the function of owner of an LLC in a more efficient way, in a way that is better for the LLC itself. And that probably would be the appointment of a professional manager under 327. But if the trustee really wanted to maximize his own compensation, what he would do is sell the equity of the LLC within the bankruptcy case, as Mr. Connolly did here with other entities. And there are plenty of purchasers out there who specialize in purchasing the equity of entities that are in bankruptcy and getting the advantage of bankruptcy orders that facilitate their ownership of the entity and dispose of creditor claims. He could have chosen to go that route. Now, perhaps he may have fetched less for the LLC interest than if he held the properties until the height of the Denver real estate market. That was a strategy that he decided to deploy. And he decided to kick the can of compensation down the road. But that was his choice. And if this court merely enforces the plain language of the statute, what will happen is trustees will act in accordance with the law. And they will certainly maximize the value of the estate. And I suspect they'll find a way to maximize their own compensation as well. If there are no further questions? Thank you. Thank you, Your Honors. Your Honors, we may not be as far apart on the standard as we think. Because what I think I just heard was, the standard is met if there's a significant tie to the Chapter 7 case. And that's essentially the standard we're arguing. And there is without question a significant tie to the Chapter 7 case here. First, as Judge Phillips points out, we are only seeking compensation on disbursements to creditors who file claims in the Chapter 7 case. And this definitely arises from performance of the Chapter 7 trustee's statutory duties. The case has been considered by the bankruptcy court. It's been considered by the bankruptcy appellate panel. Where have they gone so far off the track that we should now reverse both courts? This is purely a matter of statutory determination, Your Honor. That can be reviewed de novo. And I believe, as a matter of fact, is a first impression for this circuit or any other interpreting this provision of Section 326 in this circumstance. The bankruptcy judge did not find that there was some reasonableness on the facts. The judge found that he was constrained to allow, you know, higher compensation based on the reading of 326. So what we're asking Your Honors to do is review 326 de novo. Thank you. The asset of the LLC, or excuse me, the assets of the estate include interest in the LLC. That is a separate interest. Yes, there is more than one tool in the toolbox. There was more than one way to convert that asset to money. You know, the Weintraub case from the Supreme Court 40 years ago says trustees must maximize value. Albright says trustees can take over administration in order to do so. He exercised those powers in order to make this work. Thank you, Counsel. The counsel are excused. Case is well presented. Case is submitted.